Espinosa, Peticionaria y Apelada, *v.* Berríos et al., Opositores y Apelantes.

No. 3290.—*Visto:* Mayo 29, 1924. *Resuelto:* Junio 9, 1924.

Herencia—Herederos—Cónyuge Supérstite: Sus Derechos Hereditarios.— La sección 11 de la ley de 1905 sobre herederos forzosos no es incompatible con las disposiciones de los artículos 920 y 921 del Código Civil. Cuando existen hermanos o sobrinos y no hay descendientes ni ascendientes, el cónyuge sobreviviente sólo tiene derecho a la mitad de la herencia en usufructo; pero cuando no existen descendientes ni ascendientes, hermanos ni sobrinos, la herencia toda corresponde al viudo. Los herederos colaterales del quinto y sexto grado, últimos que reconoce la ley, sólo tienen derecho a la herencia a falta de descendientes, ascendientes, hermanos, sobrinos y cónyuge supérstite.

Sentencia de *Pablo Berga,* J. (Humacao), declarando sin lugar oposición a una declaratoria de herederos, sin costas. *Confirmada.*

*F. Gallardo Díaz,* abogado de los apelantes; *L. Pereyó Quiñones,* abogado de la apelada.

El Juez Presidente Señor del Toro, emitió la opinión del tribunal.

El 12 de noviembre de 1923 falleció Catalino Berríos, de estado casado con Primitiva Espinosa. Esta, en enero 24 de 1924, se dirigió a la Corte de Distrito de Humacao pidiéndole que la declarara única y universal heredera de

su esposo, porque a la fecha de su fallecimiento no dejó descendientes ni ascendientes, hermanos ni sobrinos. Iniciado el procedimiento, comparecieron en él para oponerse Ricardo y Martín Berríos, parientes en sexto grado de Catalino. Pidió la promovente que la oposición fuera desestimada porque los opositores no tenían derecho alguno a la herencia. Oyó la corte a ambas partes y, exponiendo sus fundamentos en una razonada opinión, dictó sentencia desestimando la oposición y declarando única y universal heredera de Catalino Berríos a su viuda Primitiva Espinosa. Contra esa sentencia dictada el 11 de febrero de 1924, se interpuso por los opositores el presente recurso de apelación cuya vista se celebró el 29 de mayo último con la sola asistencia e informe de la parte apelante.

En el alegato de los apelantes se señala un solo error, así:

"La corte erró al declarar que en una herencia intestada en donde no hay ascendientes ni descendientes, el cónyuge sobreviviente tiene derecho a la totalidad de la herencia del difunto."

Y se sostiene que la única ley aplicable a este caso es la sección 11 de la ley sobre herederos forzosos de 1905, que dice: "Cuando el testador no dejare descendientes ni ascendientes legítimos, el cónyuge sobreviviente tendrá derecho a la mitad de la herencia, en usufructo," ya que el artículo 920 del Código Civil revisado en que se funda la sentencia, quedó derogado desde 1911.

A nuestro juicio el error no existe y la ley fué aplicada rectamente por el tribunal sentenciador.

El título tercero del libro tercero del Código Civil Revisado de Puerto Rico trata de las *Sucesiones.* El Capítulo primero se refiere a los *Testamentos:* el segundo a la *Herencia,* guardando relación sus disposiciones con la sucesión testada; el tercero a la *Sucesión intestada;* el cuarto trata del *Orden de Suceder según la diversidad de líneas;* el quinto contiene *Disposiciones comunes a las herencias por*

*testamento o sin él,* y el sexto se ocupa de la *Colación* y *Partición,* quedando así la materia regulada en su totalidad.

El capítulo cuarto, el que fija la diversidad de *líneas,* contiene cinco secciones que tratan: 1, de la línea recta descendente; 2, de la recta ascendente; 3, de los hijos ilegítimos reconocidos; 4, de la sucesión de los colaterales y de los cónyuges, y 5, de la sucesión del Pueblo de Puerto Rico. Dentro de la sección cuarta está el artículo 920, regulador de este caso, que dice:

"Art. 920.—A falta de hermanos y sobrinos, hijos de éstos, sean o no de doble vínculo, sucederá en todos los bienes del difunto el cónyuge sobreviviente."

Y figura también el artículo 921, que conviene desde ahora transcribir. Es como sigue:

"Art. 921.—No habiendo hermanos ni hijos de hermanos, ni cónyuge supérstite, sucederán en la herencia del difunto los demás parientes colaterales.

"La sucesión de éstos se verificará sin distinción de líneas ni preferencia entre ellos por razón del doble vínculo."

En 1905 se decretó por la Asamblea Legislativa y se aprobó por el Gobernador la "Ley para modificar y derogar los artículos 795, 796, 797, 801, 811, 812, 815, 821, 822, 823 y 824 del Código Civil vigente," (Comp. sec. 3873). Todos los artículos derogados son parte del capítulo segundo del Libro tercero que trata de la *Herencia* en relación especialmente con la sucesión testada.

En 1911, se aprobó la Ley No. 73 invocada por los apelantes, (p. 247). Por la sección 2 de la misma se agrega a la sección 8 de la ley de 1905 citada, el siguiente párrafo:

"Las disposiciones de esta Sección y de las subsiguientes 9, 10, 11, 12 y 13 de esta Ley serán aplicables del propio modo a la sucesión intestada que a la sucesión testamentaria."

Admiten los apelantes que los artículos 920 y 921 del Código Civil Revisado no han sido expresamente derogados,

pero sostienen que lo fueron tácitamente a virtud de la sección 4 de la Ley No. 73 de 1911 (pág. 247), que dice: "Los artículos 198 y 199 del Código Civil y toda otra ley en conflicto con ésta quedan derogados," ya que, según ellos, sus disposiciones están en conflicto con la contenida en la sección once de la ley de 1905, aplicable no sólo a la sucesión testada, sino a la intestada.

A nuestro juicio tal conflicto no existe. Ambas disposiciones legales, las de los artículos 920 y 921 y las de la sección once, deben y pueden armonizarse y subsistir.

Analizando la sección cuarta del capítulo cuarto del libro tercero del Código Civil que trata de la sucesión de los *colaterales y de los cónyuges,* se verá que comienza por el artículo 914, que expresa:

"Art. 914.—A falta de las personas comprendidas en las tres secciones que preceden, heredarán los parientes colaterales y los cónyuges por el orden que se establece en los artículos siguientes."

Se recordará que hemos dicho que las tres secciones precedentes del capítulo cuarto tratan de la línea recta descendente, de la recta ascendente y de los hijos ilegítimos reconocidos. Los artículos siguientes al 914, a saber, el 915 al 919, ambos inclusives, regulan los derechos de los colaterales del tercero y cuarto grado—hermanos y sobrinos—y seguidamente aparece el art. 920 que da preferencia al cónyuge viudo a los herederos colaterales del quinto y sexto grado y el 921 que regula los derechos de "los demás parientes colaterales" cuando no existen "hermanos, ni hijos de hermanos, ni cónyuge supérstite."

Nada disponía la repetida sección cuarta del capítulo cuarto para el caso de que concurrieran a la herencia colaterales dentro del tercero y cuarto grado y el cónyuge viudo, y a llenar ese vacío vino la sección once de la ley de 1905, (Comp. sec. 3883). Cuando existen hermanos y sobrinos y no hay descendientes ni ascendientes, entonces es que el cónyuge sobreviviente sólo tiene derecho a la mitad de 'la

herencia en usufructo, pero cuando no existen descendientes ni ascendientes, hermanos ni sobrinos, entonces la herencia toda corresponde al viudo. Los herederos colaterales del quinto y sexto grado, últimos que reconoce la ley, sólo tienen derecho a la herencia a falta de descendientes, ascendientes, hermanos, sobrinos y cónyuge supérstite.

Siendo ello así *debe declararse sin lugar la apelación y confirmar la sentencia recurrida.*