FRANCISCA ANDRADES, EX PARTE, peticionaria y apelante.

Núm. 8318.—*Sometido:* Diciembre 8, 1941. *Resuelto:* Enero 13, 1942.

*Luis Vergne Ortiz,* abogado de la apelante; *Hon. Procurador General George A. Malcolm, R. A. Gómez, Fiscal del Tribunal Supremo y Luis Negrón Fernández, Fiscal Auxiliar,* abogados de El Pueblo.

EL JUEZ ASOCIADO SEÑOR TODD, JR., emitió la opinión del tribunal.

La sentencia dictada por la Corte de Distrito de San Juan en este caso sobre declaratoria de herederos dice así:

"Los hermanos naturales del padre no heredan a sus sobrinos. Véase 7 Manresa, Código Civil 121, (3ra. ed.).

"La petición no aduce hechos y se resuelve que no ha lugar a la declaratoria solicitada."

En su petición, Francisca Andrades, como tía natural de la niña de once años de edad, Francisca Guzmán Andrades, alegó que a la menor fallecida no había sobrevivido ningún descendiente o ascendiente, ni hermano o tío legítimo, y que

tampoco dejó testamento pues no tenía capacidad para testar, siendo su único familiar la peticionaria que era hermana natural de la madre de la menor.

■ Alega la apelante que la corte inferior erró al declarar que la petición en este caso no aduce hechos suficientes basándose en que los hermanos naturales no heredan a sus sobrinos. A renglón seguido, sin embargo, dice la apelante: "El Código Civil de Puerto Rico sostiene esa opinión", pero expresa su creencia y argumenta que las disposiciones de dicho cuerpo legal sobre esta materia se escribieron para una época distinta de la actual "en que son más numerosas las familias naturales".

Cualquiera que sea el criterio que pueda tenerse en cuanto a la conveniencia de que subsistan o no ciertas disposiciones de nuestro Código Civil en materia de sucesiones, no corresponde a la rama judicial, por interpretación, variar sus conceptos sustantivos. La recurrente admite que el Código Civil sostiene la opinión de la corte inferior y así es en efecto.

■ El artículo 902, inciso 5, del Código Civil (ed. 1930), dispone:

"Artículo 902.—

"El hijo natural reconocido no tiene derecho a suceder abintestato a los hijos y parientes legítimos—con excepción de los abuelos y demás ascendientes—del padre o madre que lo haya reconocido, ni aquéllos al hijo natural reconocido."

Comentando el artículo 943 del Código Civil de España, equivalente al inciso 5 del artículo 902 del nuestro, Manresa en el tomo 7, página 110 de sus Comentarios, Tercera Edición, dice lo siguiente:

"Entre el hijo natural y los parientes legítimos del padre o madre que les reconoció, niega el Código toda relación sucesoria. *No pueden decirse parientes y no tienen derecho a heredar.* Existe desde luego un vínculo de sangre; pero este vínculo no lo reconoce la ley.

"Los hijos y los parientes legítimos del padre o madre que reconoció un hijo natural, son todos los parientes en línea recta des-

cendente o ascendente, o en línea colateral. La familia legítima queda separada por completo de la natural; ni los individuos de ésta heredan a los de aquélla, *ni los individuos de aquélla pueden heredar a los de ésta."* . . . (Itálicas nuestras.)

Y más adelante a la página 121, al comentar el artículo 945, dice:

"Además, en la sucesión intestada el derecho a suceder es, por regla general, recíproco; *los hermanos naturales del padre no heredan a sus sobrinos;* los sobrinos no tienen por qué heredar a sus tíos, hermanos naturales de su padre." . . . (Itálicas nuestras.)

A Francisca Andrades, la peticionaria, como tía natural de Francisca Guzmán Andrades por ser hija legítima de Elías Guzmán y Zacarías Andrades (hermana natural de la peticionaria) nuestro Código Civil no le reconoce derecho alguno como heredera de su sobrina ni ésta tampoco hubiera podido heredar a su tía natural.

*Se confirma la sentencia apelada.*