AB INTESTATO DE ANA GARROTI PADILLA; JOSÉ VÁZQUEZ MARTÍNEZ, peticionario y apelado; JOSÉ MARÍA, JUAN y LUIS VÁZQUEZ GARROTI, opositores y apelantes.

Número 11450.
*Sometido:* 2 de abril de 1956. *Resuelto:* 30 de abril de 1956.

*Mario Báez y García,* abogado de los apelantes; *José Castro Figueroa,* abogado del apelado.

EL JUEZ ASOCIADO SEÑOR MARRERO emitió la opinión del Tribunal.

La cuestión única a ser determinada en este recurso es si los hijos de una hermana natural de la causante, fallecida esta última sin dejar descendientes o ascendientes, pero sí un cónyuge supérstite, tienen derecho a heredar a dicha causante. Veamos: José Vázquez Martínez presentó una petición sobre declaratoria de herederos alegando que Ana Garroti Padilla, quien fué su legítima esposa, falleció el día 6 de agosto de 1951, sin dejar descendientes, ascendientes ni colaterales legítimos de clase alguna, aunque sí unos sobrinos que eran hijos de una hermana natural de la finada, llamada Dominga Garroti, quien también había muerto en 30 de agosto de 1949. A esa petición se opusieron dichos sobrinos, nombrados Juan Florencio Garroti y José María y Luis Vázquez Garroti. Oídas las partes por escrito, el tribunal a quo declaró al viudo único y universal heredero de la causante. Los opositores apelaron. Su contención exclusiva ante nos es que el tribunal inferior erró "al interpretar las Leyes 446, 447 y 448 del 1947, enmendatorias de ciertos artículos del Código Civil, y resolver que el derecho de representación no incluye la línea colateral para la sucesión natural."

A nuestro juicio la cuestión en controversia es enteramente clara. Los derechos sucesorios se regulan por las leyes vigentes al tiempo del fallecimiento del causante. *Can-*

*cel* v. *Martínez*, 74 D.P.R. 108, 115; *Travieso* v. *del Toro y Travieso, Int.*, 74 D.P.R. 1009, 1014. La causante aquí envuelta falleció en la fecha alegada (6 de agosto de 1951). Para esa época la ley vigente disponía en lo esencial que: "la sucesión corresponde en primer lugar a la línea recta descendente;" que "a falta de hijos legítimos o ilegítimos reconocidos y sus descendientes, heredarán al difunto sus ascendientes con exclusión de los colaterales;" que "a falta de las personas comprendidas en las tres secciones que preceden, heredarán los parientes colaterales y los cónyuges por el orden que se establece en los artículos siguientes;" y que "a falta de hermanos y sobrinos, hijos de éstos, sean o no de doble vínculo, sucederá en todos los bienes del difunto el cónyuge sobreviviente." Código Civil, ed. de 1930, arts. 893, 898, 903 y 909—31 L.P.R.A. secs. 2641, 2651, 2671 y 2677, respectivamente. También dispone el Código Civil en su art. 902, según fué enmendado por la Ley núm. 253 de 1950, página 667—31 L.P.R.A. sec. 2661—que "a falta de ascendientes naturales heredarán al hijo natural reconocido sus hermanos naturales, según las reglas establecidas para los hermanos legítimos...". Las anteriores disposiciones son aplicables a la herencia intestada. Así pues, cuando un causante fallece intestado, la herencia corresponde en primer lugar a los descendientes; en ausencia de éstos, a los ascendientes; y no habiendo descendientes ni ascendientes, a los hermanos y sobrinos, ya fueren legítimos o naturales.

■■ Como aquí la única hermana natural de la causante falleció antes que ella, los hijos de aquélla (Dominga Garroti) tienen derechos hereditarios. Esos derechos surgen de los preceptos del Código Civil antes citado y de lo dispuesto por el art. 887 de dicho Código, según fué enmendado por la Ley núm. 446 de 1947, página 945—31 L.P.R.A. sec. 2621—preceptivo de que "llámase derecho de representación el que tienen *los parientes legítimos o naturales legalmente reconoci-*

*dos* de una persona para sucederle en todos los derechos que tendría si viviera o hubiera podido heredar." (Bastardillas nuestras.)

Según las actas de nacimiento y de bautismo elevadas, José María y Luis Vázquez eran hijos legítimos de la hermana natural de la causante, y Juan Florencio hijo natural. El contexto del art. 887, supra, es terminante y ya sean éstos hijos legítimos o naturales reconocidos de Dominga Garroti, ellos tienen derecho a heredar por representación.

Desde luego cuando el cónyuge supérstite concurre, como en este caso, con sobrinos que heredan de la causante por representación, dicho cónyuge tiene derecho a la mitad de la herencia en usufructo.([1]) Solamente en el caso de que no haya descendientes, ascendientes, hermanos ni sobrinos es que el cónyuge viudo resulta ser el único heredero de su difunto consorte. Así lo dispone de manera taxativa el art. 909 del Código Civil, supra—31 L.P.R.A. sec. 2677. Fué por tanto un error del tribunal a quo declarar en este caso único y universal heredero al cónyuge supérstite. Lo correcto hubiera sido declarar únicos y universales herederos de Ana Garroti a sus sobrinos Juan Florencio, José María y Luis, y a dicho cónyuge sobreviviente en la cuota usufructuaria.

El caso de *Espinosa* v. *Berríos*, 33 D.P.R. 307, guarda ligera similitud con el presente. En él se dice en la opinión que Catalino Berríos falleció el 12 de noviembre de 1923, estando casado con Primitiva Espinosa; que ésta acudió a la extinta Corte de Distrito de Humacao pidiéndole que la declarara única y universal heredera de su finado esposo, toda vez que a la fecha de su fallecimiento él no dejó descendientes ni ascendientes, hermanos ni sobrinos; y que ciertos parientes en sexto grado comparecieron a oponerse. Resol-

---

([1]) Véase el art. 764 del Código Civil, edición de 1930—31 L.P.R.A. sec. 2414, el cual dispone que "cuando el testador no dejare descendientes ni ascendientes legítimos, el cónyuge sobreviviente tendrá derecho a la mitad de la herencia, también en usufructo."

vimos que de acuerdo con la ley vigente a la fecha del fallecimiento de Berríos la peticionaria tenía derecho a lo que solicitaba. Dijimos además a la página 310 de dicho caso que "cuando existen hermanos y sobrinos y no hay descendientes ni ascendientes, entonces es que el cónyuge sobreviviente sólo tiene derecho a la mitad de la herencia en usufructo, pero cuando no existen descendientes ni ascendientes, hermanos ni sobrinos, entonces la herencia toda corresponde al viudo." Ese caso, desde luego, es distinguible del de autos, ya que aquí, como hemos visto, la finada Ana Garroti dejó al morir tres sobrinos que tienen derecho a heredarle por representación.

El caso de *Andrades, Ex parte,* 59 D.P.R. 664, es asimismo distinto al presente. Allí resolvimos que "la hermana natural de la madre legítima de una menor fallecida no tiene derecho a suceder a ésta ab intestato." En ese caso, sin embargo, interpretamos el inciso 5 del art. 902 del Código Civil (ed. de 1930)—según regía para la fecha de la muerte de la causante. Para aquel entonces ese inciso se leía así:

"El hijo natural reconocido *no tiene derecho* a suceder ab intestato a los hijos y parientes legítimos —con excepción de los abuelos y demás ascendientes— del padre o madre que lo haya reconocido, ni aquéllos al hijo natural reconocido." (Bastardillas nuestras.)

Aquí, como hemos dicho, Ana Garroti falleció en 1951. Para ese año ya el art. 902 del Código Civil había sido enmendado por la Ley núm. 253 de 1950, pág. 667, 31 L.P.R.A. sec. 2661. El inciso 6 de esa ley enmendatoria reza del siguiente modo: "El hijo natural reconocido *tiene derecho* a suceder a los hijos y parientes legítimos del padre o madre que lo haya reconocido y éstos a aquél." (Bastardillas nuestras.) Por supuesto, si esta última hubiera sido la ley vigente a la fecha de la muerte de la causante en el caso de *Andrades,* supra, otro hubiera sido el resultado.

*Debe revocarse la sentencia apelada y en su lugar dictarse otra declarando a Juan Florencio Garroti, José María Vázquez Garroti y Luis Vázquez Garroti, en unión a José Vázquez Martínez (éste únicamente en la cuota usufructuaria concedídale por la ley—art. 764 del Código Civil, ed. de 1930, supra), únicos y universales herederos de la finada Ana Garroti Padilla.* ([2])

([2]) Las Leyes 446, 447 y 448 de 1947 (págs. 945 a 949 de las leyes de ese año) a que hacen referencia los opositores en su alegato, enmendaron los arts. 887, 736 y 902 del Código Civil, ed. de 1930. — El primero de ellos ha sido copiado y aplicado en la opinión; el segundo declara quiénes son herederos forzosos, de suerte que ninguna pertinencia tiene en un caso como el presente; y el tercero (art. 902) fué enmendado por la Ley 253 de 1950 (pág. 667) y así enmendado ha sido aplicado, en su párrafo sexto, a los hechos de este caso.